## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY A. TILLEY, as Personal Representative of the Estate of DANA ANDREW TILLEY, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY, and WARNER-LAMBERT COMPANY LLC,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No.:  06-513<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### ANSWER OF
### DEFENDANTS PFIZER INC. AND WARNER-LAMBERT COMPANY LLC

Defendants Pfizer Inc. ("Pfizer") and Warner-Lambert Company LLC ("Warner-Lambert"), successor to Warner-Lambert Company LLC, on its own behalf and on behalf of its unincorporated division, Parke-Davis (collectively referred to hereinafter as "Defendants"), by their undersigned counsel, answer Plaintiff's Complaint in the above-captioned action (the "Complaint") as follows:

### AS TO NATURE OF THE ACTION

1.     Deny the allegations in paragraph 1, except admit that the United States Food and Drug Administration ("FDA") has not approved Neurontin® ("Neurontin") for labeling as safe and effective for the treatment of pain and migraines and admit that Plaintiff purports to bring this action on behalf of herself and others under the referenced statutes, but deny that Plaintiff is entitled to any relief under same.

## AS TO PARTIES

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore deny same.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore deny same.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore deny same.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore deny same.

6.      Admit the allegations in paragraph 6.

7.      Admit the allegations in paragraph 7.

8.      Admit the allegations in paragraph 8.

9.      Deny the allegations in paragraph 9, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

10.     Deny the allegations in paragraph 10.

11.     Deny the allegations in paragraph 11.

12.     Deny the allegations in paragraph 12, except admit that Warner-Lambert Company was a Delaware corporation until December 31, 2002, when it was converted into a Delaware limited liability company, known as Warner-Lambert Company LLC.

13.     Deny the allegations in paragraph 10, except admit that Warner-Lambert Company was authorized to do business in the State of Delaware until December 31, 2002.

14.    Deny the allegations in paragraph 14, except admit that Warner-Lambert Company was a business entity actually doing business in the State of Delaware until December 31, 2002.

15.    Deny the allegations in paragraph 15, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000.

16.    Deny the allegations in paragraph 16.

17.    Deny the allegations in paragraph 17, except admit that from December 31, 2002 to the present Warner-Lambert Company LLC has been a Delaware limited liability company.

18.    Deny the allegations in paragraph 18, except admit that Warner-Lambert Company LLC is a Delaware limited liability company authorized to do business in the State of Delaware since December 31, 2002.

19.    Deny the allegations in paragraph 19, except admit that Warner-Lambert Company LLC has been a business entity actually doing business in the State of Delaware since December 31, 2002.

20.    Deny the allegations in paragraph 20, except admit that Pfizer is and has been the sole member of Warner-Lambert Company LLC since December 31, 2002.

21.    Deny the allegations in paragraph 21.

22.    Deny the allegations in paragraph 22.

23.    Deny the allegations in paragraph 23.

24.    Deny the allegations in paragraph 24, except admit that Warner-Lambert Company was a wholly-owned subsidiary of Pfizer from June 2000 through December 31, 2002.

25.     Paragraph 25 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27, except admit that Warner-Lambert Company LLC has been a wholly-owned subsidiary of Pfizer since December 31, 2002.

28.     Paragraph 28 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 28.

29.     Paragraph 29 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 30.

31.     Paragraph 31 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 31.

32.     Paragraph 32 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 32.

33.     Paragraph 33 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 33.

34.     Paragraph 34 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 34.

35.     Paragraph 35 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 35.

36.     Paragraph 36 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 36.

-4-

37.     Paragraph 37 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 37.

38.     Paragraph 38 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 38.

39.     Paragraph 39 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 39.

40.     Paragraph 40 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 40.

41.     Paragraph 41 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 41.

42.     Paragraph 42 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 42.

43.     Paragraph 43 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 43.

44.     Paragraph 44 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 44.

45.     Paragraph 45 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 45.

46.     Paragraph 46 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 46.

47.     Paragraph 47 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 47.

48.     Paragraph 48 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 48.

49.     Paragraph 49 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 49.

50.     Paragraph 50 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 50.

51.     Paragraph 51 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 51.

52.     Paragraph 52 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 52.

53.     Paragraph 53 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 53.

54.     Paragraph 54 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 54.

55.     Paragraph 55 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 55.

56.     Paragraph 56 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 56.

57.     Paragraph 57 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 57.

58.     Paragraph 58 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 58.

59.    Paragraph 59 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 59.

60.    Paragraph 60 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 60.

61.    Paragraph 61 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 61.

62.    Paragraph 62 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 62.

63.    Paragraph 63 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 63.

64.    Paragraph 64 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 64.

65.    Paragraph 65 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 65.

66.    Paragraph 66 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 66.

67.    Paragraph 67 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 67.

68.    Paragraph 68 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 68.

69.    Deny the allegations in paragraph 69, except admit that Pfizer's headquarters are in New York.

70.     Paragraph 70 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 70.

71.     Paragraph 71 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 71.

72.     Paragraph 72 asserts a legal conclusion to which no response is required, and Defendants therefore deny the allegations in paragraph 72.

73.     Deny the allegations in paragraph 73, except admit that since June 2000, Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin.

74.     Deny the allegations in paragraph 74, except admit that Pfizer, directly and/or indirectly through its subsidiaries, has marketed and sold Neurontin since June 2000.

75.     Deny the allegations in paragraph 75, except admit that Pfizer is engaged, directly and/or indirectly through its subsidiaries, in the business of designing, manufacturing, advertising, marketing and selling pharmaceutical drugs, and transacts business within the State of Delaware and contracts to provide goods in the State of Delaware.

76.     Deny the allegations in paragraph 76.

77.     Deny the allegations in paragraph 77.

78.     Admit the allegations in paragraph 78.

79.     Deny the allegations in paragraph 79.

80.     Deny the allegations in paragraph 80.

81.     Deny the allegations in paragraph 81, except admit that Parke-Davis marketed Neurontin on a date prior to July 9, 2002.

82.     Deny the allegations of paragraph 82, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000,

and that until approximately June 2000, Parke-Davis directly and/or indirectly engaged in the business of marketing pharmaceutical drugs, including Neurontin, and transacted business within the State of Delaware and contracted to provide goods in the State of Delaware.

83.    Deny the allegations in paragraph 83

84.    Deny the allegations in paragraph 84.

85.    Deny the allegations in paragraph 85, except admit that Parke-Davis was a division of Warner-Lambert Company from approximately 1978 until approximately June 2000 and that until approximately June 2000, Parke-Davis directly and/or indirectly did and solicited business and engaged in a persistent course of conduct in the State of Delaware, deriving substantial revenue from goods and products consumed in the State of Delaware.

86.    Deny the allegations in paragraph 86.

87.    Deny the allegations in paragraph 87.

88.    Deny the allegations in paragraph 88, except admit that Warner-Lambert Company marketed and sold Neurontin until approximately June 2000.

89.    Deny the allegations in paragraph 89, except admit that until December 31, 2002, Warner-Lambert Company was, directly and/or indirectly, engaged in the business of designing, manufacturing, advertising, marketing, and selling pharmaceutical drugs, including Neurontin, and transacted business within the State of Delaware and contracted to provide goods in the State of Delaware.

90.    Deny the allegations in paragraph 90.

91.    Deny the allegations in paragraph 91.

92.    Deny the allegations in paragraph 92, except admit that until approximately June 2000, Warner-Lambert Company, directly and/or indirectly, did and

solicited business and engaged in a persistent course of conduct in the State of Delaware, deriving substantial revenue from goods and products consumed in the State of Delaware.

93.    Deny the allegations in paragraph 93.

94.    Deny the allegations in paragraph 94.

95.    Deny the allegations in paragraph 95.

96.    Deny the allegations in paragraph 96.

97.    Deny the allegations in paragraph 97.

98.    Deny the allegations in paragraph 98.

99.    Deny the allegations in paragraph 99, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of Delaware, deriving substantial revenue from goods and products consumed in the State of Delaware.

100.    Deny the allegations in paragraph 100, except admit that since December 31, 2002, Warner-Lambert Company LLC has done and solicited business and engaged in a persistent course of conduct in the State of Delaware, deriving substantial revenue from interstate commerce.

## AS TO BACKGROUND

101.    Paragraph 101 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 101.

102.    Paragraph 102 does not allege facts to which a response is required, but to the extent that a response might be deemed required, Defendants admit the allegations in paragraph 102.

103.    Paragraph 103 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 103.

104.    Paragraph 104 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 104.

105.    Paragraph 105 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 105.

106.    Paragraph 106 does not allege facts to which a response is required, and Defendants therefore deny the allegations in paragraph 106.

107.    Deny the allegations in paragraph 107, except admit that, in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

108.    Deny the allegations in paragraph 108, except admit that the FDA has not approved Neurontin for the treatment of pain and migraines.

109.    Deny the allegations in paragraph 109.

110.    Deny the allegations in paragraph 110.

111.    Deny the allegations in paragraph 111.

112.    Deny the allegations in paragraph 112.

113.    Deny the allegations in paragraph 113.

114.    Deny the allegations in paragraph 114.

115.    Deny the allegations in paragraph 115, except admit that Neurontin was approved as adjunctive therapy for the treatment of epilepsy.

116.    Deny the allegations in paragraph 116.

117.    Deny the allegations in paragraph 117.

118.    Deny the allegations in paragraph 118, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts.

119.    Deny the allegations in paragraph 119.

120.    Deny the allegations in paragraph 120.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore deny same.

122.    Deny the allegations in paragraph 122, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's physician prescribed Neurontin to treat Plaintiff's decedent's pain and migraines, and therefore deny same.

123.    Deny the allegations in paragraph 123, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's decedent's physician prescribed Neurontin to treat Plaintiff's decedent's pain and migraines, and therefore deny same.

124.    Deny the allegations in paragraph 124.

125.    Deny the allegations in paragraph 125.

126.    Deny the allegations in paragraph 126.

127.    Deny the allegations in paragraph 127.

## **AS TO COUNT I**

128.    Repeat each and every response to the allegations previously set forth herein.

129.    Deny the allegations in paragraph 129, except admit only those duties imposed by law, but deny the breach of any applicable duties.

130.    Deny the allegations in paragraph 130.

131.    Deny the allegations in paragraph 131.

132.    Deny the allegations in paragraph 132.

133.    Deny the allegations in paragraph 133.

134.    Deny the allegations in paragraph 134.

135.    Deny the allegations in paragraph 135.

136.    Deny the allegations in paragraph 136.

## AS TO COUNT II

137.    Repeat each and every response to the allegations previously set forth herein.

138.    Deny the allegations in paragraph 138.

139.    Deny the allegations in paragraph 139.

140.    Deny the allegations in paragraph 140.

141.    Deny the allegations in paragraph 141.

142.    Deny the allegations in paragraph 142.

143.    Deny the allegations in paragraph 143.

144.    Deny the allegations in paragraph 144.

## AS TO COUNT III

145.    Repeat each and every response to the allegations previously set forth herein.

146.    Deny the allegations in paragraph 146.

147.   Deny the allegations in paragraph 147.

148.   Deny the allegations in paragraph 148.

149.   Deny the allegations in paragraph 149.

## AS TO  COUNT IV

150.   Repeat each and every response to the allegations previously set forth herein.

151.   Deny the allegations in paragraph 151.

152.   Deny the allegations in paragraph 152.

153.   Deny the allegations in paragraph 153, except refer to the Information for its contents.

154.   Deny the allegations in paragraph 154, except refer to the Information for its contents.

155.   Deny the allegations in paragraph 155, except refer to the Information for its contents.

156.   Deny the allegations in paragraph 156, except refer to the Information for its contents.

157.   Deny the allegations in paragraph 157, except refer to the Information for its contents.

158.   Deny the allegations in paragraph 158, except refer to the Information for its contents.

159.   Deny the allegations in paragraph 159, except refer to the Information for its contents.

160.    Deny the allegations in paragraph 160, except refer to the Information for its contents.

161.    Deny the allegations in paragraph 161, except refer to the Information for its contents.

162.    Deny the allegations in paragraph 162, except refer to the Information for its contents.

163.    Deny the allegations in paragraph 163, except refer to the Information for its contents.

164.    Deny the allegations in paragraph 164, except refer to the Information for its contents.

165.    Deny the allegations in paragraph 165, except refer to the Information for its contents.

166.    Deny the allegations in paragraph 166, except refer to the Information for its contents.

167.    Deny the allegations in paragraph 167, except refer to the Information for its contents.

168.    Deny the allegations in paragraph 168, and all of its subparts, except refer to the Information for its contents.

169.    Deny the allegations in paragraph 169, except refer to the Information for its contents.

170.    Deny the allegations in paragraph 170, except refer to the Information for its contents.

171.     Deny the allegations in paragraph 171, except refer to the Information for its contents.

172.     Deny the allegations in paragraph 172, except refer to the Information for its contents.

173.     Deny the allegations in paragraph 173, except refer to the Information for its contents.

174.     Deny the allegations in paragraph 174, except refer to the Information for its contents.

175.     Deny the allegations in paragraph 175, except refer to the Information for its contents.

176.     Deny the allegations in paragraph 176, except refer to the Information for its contents.

177.     Deny the allegations in paragraph 177, except refer to the Information for its contents.

178.     Deny the allegations in paragraph 178, except refer to the Information for its contents.

179.     Deny the allegations in paragraph 179.

180.     Deny the allegations in paragraph 180.

181.     Deny the allegations in paragraph 181.

182.     Deny the allegations in paragraph 182.

183.     Deny the allegations in paragraph 183, and all of its subparts.

184.     Deny the allegations in paragraph 184.

185.     Deny the allegations in paragraph 185.

186.     Deny the allegations in paragraph 186.

187.     Deny the allegations in paragraph 187.

188.     Deny the allegations in paragraph 188.

189.     Deny the allegations in paragraph 189.

190.     Deny the allegations in paragraph 190, except refer to the supplemental NDA and the letter dated August 26, 1997 referenced in paragraph 190 for their contents.

191.     Deny the allegations in paragraph 191.

192.     Deny the allegations in paragraph 192.

193.     Deny the allegations in paragraph 193, except refer to the letter dated June 29, 2001 for its contents.

194.     Deny the allegations in paragraph 194, except refer to the letter dated July 1, 2002 for its contents.

195.     Deny the allegations in paragraph 195.

196.     Deny the allegations in paragraph 196.

197.     Deny the allegations in paragraph 197.

198.     Deny the allegations in paragraph 198.

199.     Deny the allegations in paragraph 199.

200.     Deny the allegations in paragraph 200.

201.     Deny the allegations in paragraph 201, except refer to the article referenced in paragraph 201 for its contents.

202.     Deny the allegations in paragraph 202.

203.     Deny the allegations in paragraph 203.

204.     Deny the allegations in paragraph 204.

205.    Deny the allegations in paragraph 205, except admit that sales of Neurontin have increased since 1999 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

206.    Deny the allegations in paragraph 206.

207.    Deny the allegations in paragraph 207.

208.    Deny the allegations in paragraph 208.

209.    Deny the allegations in paragraph 209.

210.    Deny the allegations in paragraph 210.

211.    Deny the allegations in paragraph 211, except admit that sales of Neurontin have increased since 1998, and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

212.    Deny the allegations in paragraph 212.

213.    Deny the allegations in paragraph 213.

214.    Deny the allegations in paragraph 214.

215.    Deny the allegations in paragraph 215.

216.    Deny the allegations in paragraph 216.

217.    Deny the allegations in paragraph 217.

218.    Deny the allegations in paragraph 218.

219.    Deny the allegations in paragraph 219.

## AS TO COUNT V

220.    Repeat each and every response to the allegations previously set forth herein.

221.    Deny the allegations in paragraph 221.

-18-

222.    Deny the allegations in paragraph 222.

223.    Deny the allegations in paragraph 223.

### AS TO COUNT VI

224.    Repeat each and every response to the allegations previously set forth herein.

225.    Deny the allegations in paragraph 225.

226.    Deny the allegations in paragraph 226.

227.    Deny the allegations in paragraph 227.

228.    Deny the allegations in paragraph 228.

229.    Deny the allegations in paragraph 229.  Defendants admit that Plaintiff seeks the relief stated in the WHEREFORE paragraph following paragraph 229, but deny that Plaintiff is entitled to such relief.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied, or explained.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Neurontin was neither defective nor unreasonably dangerous, unsuitable, or unfit for its intended purpose when used according to label instructions by its intended user.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards and techniques used in formulating Neurontin and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of the art in the field at the time Neurontin was manufactured.

### FOURTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendants specifically assert the defenses of comparative negligence and assumption of risk.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants complied with the applicable statutes; the warnings and instructions given in connection with Neurontin were approved or prescribed by the United States Food and Drug Administration ("FDA").

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or are otherwise limited by and pursuant to the provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, et seq.

### SEVENTH AFFIRMATIVE DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

## EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's and Plaintiff's decedent's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Defendants had no control.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's and Plaintiff's decedent's injuries and damages, if any, were due to idiosyncratic reactions to Neurontin for which Defendants cannot be held responsible.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to Neurontin.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine and the sophisticated user doctrine.

## TWELFTH  AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, including but not limited to comments j and k, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4, and 6 and comments thereto.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff's and Plaintiff's decedent's alleged injuries and damages, if any, were caused by Plaintiff's decedent's misuse of Neurontin.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of Neurontin outweighed any foreseeable risks of harm.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Defendants breached no warranty, express or implied, to Plaintiff's decedent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any claim for breach of warranty is barred by the absence of privity of contract between Plaintiff's decedent and Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of estoppel, waiver, ratification, laches and unclean hands and other related doctrines and principles, or any one of them, and by Plaintiff's inequitable conduct, lack of diligence, delay and inattention in pursuing such claims.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims for damages are barred, in whole or part, by her failure to mitigate damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent applicable, Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's and/or Plaintiff's decedent's alleged injuries and damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive or exemplary damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting those claims with particularity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive and exemplary damages are barred by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed and/or transferred due to improper and/or inconvenient venue.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's demand for punitive and exemplary damages, Defendants specifically incorporate by reference any and all standards or limitations regarding

the determination and enforceability of punitive and exemplary damage awards which arose in the decisions of *BMW of North America Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001).

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for strict liability are not cognizable under Delaware law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Subject to the provisions of Rule 12(h) of the Federal Rules of Civil Procedure, Defendants reserve the right to raise additional affirmative and other defenses as may be established by discovery and the evidence in this case.  Defendants further reserve the right to amend their Answer and to add such counterclaims as may become necessary after reasonable opportunity for investigation and discovery.

**WHEREFORE,** Defendants respectfully request that the Court:

1.      Enter judgment in their favor on all claims alleged in the Complaint;

2.      Award Defendants the costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.      Grant Defendants such other and further relief as the Court may deem just and proper.

-24-

Dated:  August 23, 2006

Respectfully submitted,

REED SMITH LLP

 /s/ David E. Wilks
David E. Wilks (Del. Bar. I.D. 2793)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone:  302-778-7560
Facsimile:  302-778-7575

Attorneys for Defendants
Pfizer Inc. and Warner-Lambert Company LLC

Of Counsel:
Scott W. Sayler
Douglas B. Maddock, Jr.
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KELLY A. TILLEY, as Personal Representative of the Estate of DANA ANDREW TILLEY, Deceased, | : : : : | Civil Action No. 06-CV-513 |
| Plaintiff, | : : : |
| vs. | : : |
| PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY and WARNER-LAMBERT COMPANY LLC, | : : : : : : |
| Defendants. | : |

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Wilks, hereby certify that on the 23rd day of August, 2006, I caused a true and correct copy of an ***Answer*** to be served on the counsel for the plaintiff listed below, via electronic CM-ECF:

Andrew Finkelstein, Esq.          L. Vincent Ramunno, Esq.
FINKELSTEIN & PARTNERS, LLP    RAMUNNO, RAMUNNO & SCERBA, P.A.
436 Robinson Avenue              903 French Street
Newburgh, New York 12550         Wilmington, DE 19801

Dated: August 23, 2006

/s/ David E. Wilks
David E. Wilks (DE ID 2793)