# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY A. TILLEY, as Personal Representative of the Estate of DANA ANDREW TILLEY, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>PFIZER INC., PARKE-DAVIS, a division of Warner-Lambert Company and Warner-Lambert Company LLC, WARNER-LAMBERT COMPANY and WARNER-LAMBERT COMPANY LLC,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:    Civil Action No. 06-00513-KAJ<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF
## MOTION TO STAY PROCEEDINGS PENDING MDL TRANSFER

David E. Wilks (Del. Bar I.D. 2793)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801-1163
Telephone: 302.778.7500
Facsimile: 302.778.7575

Attorneys for Defendants Pfizer Inc.
and Warner-Lambert Company LLC

Of Counsel:

Scott W. Sayler
Douglas B. Maddock, Jr.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547

# **TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ...................................................1

SUMMARY OF ARGUMENT ...................................................................................2

STATEMENT OF FACTS ..........................................................................................3

ARGUMENT ..............................................................................................................4

    A      Stay Will Promote Consistency in Pretrial Rulings................................6

    B.     A Stay Will Conserve the Resources of the Court and Litigants............6

    C.     The Balance of Convenience Strongly Favors a Stay.............................7

CONCLUSION............................................................................................................8

# TABLE OF CITATIONS

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,*
    48 F. Supp. 2d 37 (D.D.C. 1999) ...................................................................9

*American Seafood, Inc. v. Magnolia Processing, Inc.,*
    1992 WL 102762 (E.D. Pa. May 7, 1992) ....................................................9

*Blackwell v. Pfizer, Inc.,*
    No. 06-2295 (E.D. Pa.) ...................................................................................7

*Clinton v. Jones,*
    520 U.S. 681 (1997)........................................................................................8

*Egon v. Del-Val Fin. Corp.,*
    1991 WL 13726 (D.N.J. Feb. 1, 1991) .........................................................10

*Falgoust v. Microsoft Corp.,*
    2000 WL 462919 (E. D. La. April 19, 2000)................................................10

*Good v. Prudential Ins. Co. of America,*
    5 F. Supp. 2d 804 (N.D. Cal. 1998) ..............................................................10

*In re Ivy,*
    901 F.2d 7 (2d Cir. 1990)..............................................................................10

*Jackson v. Johnson & Johnson, Inc.,*
    2001 WL 34048067 (W.D. Tenn. Apr. 3, 2001)............................................8

*Johnson v. AMR Corp.,*
    1996 WL 164415 (N.D. Ill. Apr. 3, 1996) ..................................................8, 9

*Landis v. North Am. Co.,*
    299 U.S. 248 (1936)........................................................................................7

*Meyers v. Bayer AG,*
    143 F. Supp. 2d 1044 (E.D. Wis. 2001).........................................................8

*Moore v. Wyeth-Ayerst Labs.,*
    236 F. Supp. 2d 509 (D. Md. 2002) ...............................................................9

*Portnoy v. Zenith Labs,*
    1987 WL 10236 (D.D.C. April 21, 1987)..................................................8, 10

*Rivers v. Walt Disney Co.,*
    980 F. Supp. 1358 (C.D. Cal. 1997) ...............................................................8

*Rosenfeld v. Hartford Fire Ins. Co.,*
    1988 WL 49065 (S.D.N.Y. May 12, 1988) ........................................................10

*Tench v. Jackson Nat'l Life Ins. Co.,*
    1999 WL 1044923 ...........................................................................................8, 9

*In re Vioxx Prods. Liab. Litig.,*
    360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).....................................................8

*Young v. Pfizer,*
    No. 06-1308 (E.D. Pa.) .....................................................................................7

## NATURE AND STAGE OF THE PROCEEDINGS

On or about July 7, 2006, plaintiff Kelly Tilley filed a wrongful death/products liability action against Defendants in the Superior Court of Delaware in and for New Castle County.[1] Plaintiff alleges that her husband, Dana Tilley, committed suicide as a result of using the prescription drug Neurontin® ("Neurontin"). Plaintiff served the Complaint on Defendants on July 28, 2006. On August 17, 2006, Defendants timely filed a notice of removal. On August 30, 2006, the Court issued a letter directing the parties to confer on scheduling matters and contact the Court to arrange the Rule 16 Scheduling Conference.

Defendants have moved to stay this matter pending its transfer to multidistrict litigation ("MDL") proceedings involving similar Neurontin-related cases. This is Defendants' opening brief in support of that motion.

---

[1]     *Kelly A. Tilley vs. Pfizer Inc., et al.*, Civil Action No. 06C-07-046 (RRC).

## SUMMARY OF ARGUMENT

1.      Since the MDL Court is already overseeing over 100 cases which are virtually identical to this matter, Defendants respectfully submit that this case should stayed pending its MDL transfer, thereby promoting judicial economy and ensuring uniformity of results across the Neurontin litigation.

2.      The MDL Court is the appropriate forum for the resolution of all pretrial issues, including any potential challenges to this Court's subject matter jurisdiction.

## STATEMENT OF FACTS

The Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel") has created an MDL for the Neurontin litigation, *In re Neurontin Marketing, Sales Practices and Products Liability Litigation*, MDL Docket No. 1629 (D. Mass.). To date, the JPML has assigned more than 120 individual plaintiff product liability cases to the MDL in the District of Massachusetts. In addition, more than 50 third-party payor and putative class actions have been transferred to the MDL. On August 22, 2006, defendants notified the JPML that this case is a potential "tag-along" action to be transferred to the MDL for coordinated and consolidated pretrial proceedings. *See* Letter to Clerk of the JPML, dated Aug. 22, 2006 (attached as Exhibit A). The Panel, which has never denied a transfer of a Neurontin-related action with allegations similar to those alleged here, is expected soon to issue a Conditional Transfer Order in this case. Once transferred to the MDL, all pretrial issues will be governed by pretrial orders entered by the Honorable Patti B. Saris, who presides over the Neurontin MDL. For reasons of uniformity and judicial economy, Defendants respectfully submit that proceedings in this action should be stayed pending transfer to the MDL.

## ARGUMENT

The numerous actions that have been assigned to the Neurontin MDL, while asserting various theories of liability, allege underlying facts similar to those alleged in this action.  As such, this case will likely be transferred to the MDL.  In fact, the JPML has never declined to transfer a Neurontin case referred to it.  In the interests of judicial economy, this Court should stay all proceedings in this action pending MDL transfer.

Granting Defendants' motion is consistent with the practice of other district courts in this Circuit.  Indeed, Defendants recently removed two Neurontin cases to the Eastern District of Pennsylvania that were based on virtually identical allegations as this case.  *See Blackwell v. Pfizer Inc.*, No. 06-2295 (E.D. Pa.); *Young v. Pfizer Inc.*, No. 06-1308 (E.D. Pa.).[2]  In both cases, the court granted defendants' motion to stay pending MDL transfer.  *See* Judge Kauffman's July 19, 2006 Order (attached as Exhibit B) and Judge Schiller's May 4, 2006 Order (attached as Exhibit C).  The decisions of Judge Kauffman and Judge Schiller to stay those cases and permit the MDL Court to decide all pretrial issues, including any potential motion to remand, are consistent with well-established practice in districts around the country.

Federal courts possess the inherent power to control their dockets by staying proceedings and such stays advance the purposes of the JPML by promoting judicial efficiency and consistency of rulings.  *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936) (Court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  The Court also has broad discretion to grant a motion to stay pretrial proceedings

---

[2]    Notably, the plaintiffs in *Blackwell* and *Young* are represented by the same counsel as plaintiff in this case.

pending transfer to another court. *See Portnoy v. Zenith Labs,* No. 86-3512, 1987 WL 10236, at
*1 (D.D.C. April 21, 1987); *see also Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing
*Landis,* 299 U.S. at 254).

       In addition, the authority to stay pretrial proceedings includes the authority to stay
consideration of jurisdictional matters, such as a motion to remand, pending transfer to an MDL.
*See Tench v. Jackson Nat'l Life Ins. Co.,* No. 99-C-5182, 1999 WL 1044923, at *1 (N.D. Ill.
Nov. 12, 1999) ("The MDL Panel clearly has the authority to transfer this case despite
[plaintiff's] jurisdictional objection."). In its order creating MDL-1657, *In re Vioxx Products
Liability Litigation*, the JPML specifically recognized that "[t]he pendency of a motion to
remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We
note that motions to remand . . . can be presented to and decided by the transferee judge." *In re
Vioxx Prods. Liab. Litig.,* 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). Indeed, the "general rule
is for federal courts to defer ruling on pending motions to remand in MDL litigation until after
the [JPML] has transferred the case." *Jackson v. Johnson & Johnson, Inc.,* No. 01-2113, 2001
WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001).

       In determining whether a stay is appropriate, courts consider judicial economy
and efficiency as well as the risk of "inconsistent pretrial rulings." *Johnson v. AMR Corp.,* Nos.
95-C-7659 – 95-C-7664, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996) (granting stay and
preserving decision on remand motion for MDL transferee court); *see also Rivers v. Walt Disney
Co.,* 980 F. Supp. 1358, 1360-1362 (C.D. Cal. 1997) (granting stay where remand motion was
pending and an MDL Court had not yet been selected in order to conserve judicial resources).
This analysis is often accompanied by a balancing of the relative hardships to each party in the
event a stay is granted or denied. *See Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1053 (E.D.

Wis. 2001) (where defendant faced the same or similar issues on remand in eight other cases, stay was granted because gains in judicial economy outweighed the burden of delay); *American Seafood, Inc. v. Magnolia Processing, Inc.,* Nos. 92-1030, 92-1086, 1992 WL 102762, at *1-2 (E.D. Pa. May 7, 1992); *Tench*, 1999 WL 1044923, at *2.  As appears below, all factors weigh heavily in favor of a stay in this case.

A.    A Stay Will Promote Consistency in Pretrial Rulings

The parties and the Court have an interest in ensuring consistent pretrial rulings in the large number of Neurontin cases.  A stay pending transfer to the MDL, where all pretrial issues can be decided by one court, can best achieve this consistency.  *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (stay granted in order to "eliminate the potential for conflicting pretrial rulings" and to further judicial economy); *Johnson*, 1996 WL 164415, at *4 (noting that the MDL has the advantage of "looking at the forest as well as the trees" and finding that upon transfer "it is far better for [the MDL judge] to resolve the jurisdictional question").  Moreover, courts have recognized that the MDL judge has the experience and "intimate familiarity" with the issues relating to the MDL proceeding.[3]

B.    A Stay Will Conserve the Resources of the Court and Litigants

A stay pending transfer is warranted in this case as a matter of judicial efficiency. Particularly when considered in light of the purposes of the JPML, a stay is appropriate here to

---

[3]    *See, e.g., Moore*, 236 F. Supp. 2d at 512 (granting motion to stay pending MDL transfer; "[t]he transferee court has experience deciding motions to remand in this case involving pharmacies, and has intimate familiarity with the issues involving products liability claims arising from the use of [the subject product]"); *Tench*, 1999 WL 1044923, at *2 (granting motion to stay; the MDL transferee judge "is intimately familiar with many of the key facts which must be considered in a jurisdictional analysis.  His experience will inform the question of jurisdiction and should not be wasted.").

protect both courts and litigants from engaging in costly and duplicative motion practice and discovery. *See Ivy,* 901 F.2d at 9. Without a stay, motion practice and discovery might commence in this action only to have the case later transferred to the MDL, thereby running the risk of needless duplication of effort.

C.    The Balance of Convenience Strongly Favors a Stay

A court may weigh the relative benefits and harms to litigants in deciding whether to grant a stay. *See Portnoy,* 1987 WL 10236, at *1 (D.D.C. April 21, 1987) (in deciding if justice would be furthered by a stay of proceedings, court examined the harm to plaintiff and found that any delay that would result was minimal); *Falgoust,* 2000 WL 462919, at *2 (court issued stay after weighing the hardship on the moving party if stay was denied and prejudice to the non-moving party if stay was granted); *Egon v. Del-Val Fin. Corp.,* No. 90-4338, 1991 WL 13726, at *1-2 (D.N.J. Feb. 1, 1991) (stay granted after balancing hardships that would result if proceedings delayed); *Good v. Prudential Ins. Co. of America,* 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (plaintiff did not show why a potential delay of several months would prejudice him and thus failed in his burden to demonstrate hardship).

In contrast to the significant burdens imposed on Defendants by exposing them to potentially duplicative and inconsistent pretrial rulings and discovery, the harm, if any, to plaintiffs from a brief stay, would be minimal. *See Rosenfeld v. Hartford Fire Ins. Co.,* Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("While they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost."); *Falgoust,* 2000 WL 462919, at *2 (granting stay where moving party demonstrated harm would result if stay was withheld while non-movant failed to show she would be

- 7 -

significantly prejudiced); *Egon,* 1991 WL 13726, at *1 ("even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay").  Any delay here would be short, and it is likely that in the long run more time and effort will be saved through more efficient consolidated proceedings than would be lost during the period of the stay.

## CONCLUSION

For all these reasons, Defendants respectfully submit that all proceedings in this matter should be stayed pending transfer of this matter to the Neurontin MDL.

Dated:  August 31, 2006                      Respectfully submitted,

REED SMITH LLP

by:    /s/ *David E. Wilks*
David E. Wilks (Del. Bar I.D. 2793)
1201 Market Street, Suite 1500
Wilmington, DE  19801-1163
Telephone:  302.778.7500
Facsimile:  302.778.7575

Attorneys for Defendants Pfizer Inc.
and Warner-Lambert Company LLC

Of Counsel:

Scott W. Sayler
Douglas B. Maddock, Jr.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547

# EXHIBIT A

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, N.Y. 10017
212 450 4000
FAX 212 450 3800

1300 I STREET, N.W.
WASHINGTON, D.C. 20005

1600 EL CAMINO REAL
MENLO PARK, CA 94025

99 GRESHAM STREET
LONDON EC2V 7NG

15, AVENUE MATIGNON
75008 PARIS

MESSETURM
60308 FRANKFURT AM MAIN

MARQUÉS DE LA ENSENADA, 2
28004 MADRID

1-6-1 ROPPONGI
MINATO-KU, TOKYO 106-6033

3A CHATER ROAD
HONG KONG

JAMES P. ROUHANDEH
212 450 4835
james.rouhandeh@dpw.com

August 22, 2006

Re:     **MDL-1629 — In re Neurontin Marketing, Sales Practices and
        Products Liability Litigation**

Mr. Jeffery N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, D.C. 20002-8004

Dear Mr. Lüthi:

Pursuant to Panel Rule 7.5(e), Defendants Pfizer Inc. and Warner-Lambert
Company LLC hereby notify and advise the Judicial Panel on Multidistrict
Litigation (the "Panel") that the following action, listed below, is a potential tag-
along action in the above-captioned matter:

1) *Kelly A. Tilley v. Pfizer Inc. et al.*, No. 1:06-cv-00513, pending in the
United States District Court for the District of Delaware.

Under Panel Rule 1.1, the above action contains common factual
allegations similar to those in the twenty-seven actions transferred by the Panel on
October 26, 2004 to the District Court of Massachusetts (MDL 1629).

Enclosed please find a courtesy copy of the above-mentioned action as
well as its docket sheet.

Mr. Jeffery N. Lüthi                    2                    August 22, 2006

If you have any questions, please do not hesitate to call me.

Respectfully submitted,

James P. Rouhandeh
COUNSEL FOR PFIZER INC. AND
WARNER-LAMBERT COMPANY LLC

Enclosures

cc w/o enc:    Plaintiff in Above-Noted Potential Tag-
               Along Action (without enclosures; via
               U.S. Mail)

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

IN RE NEURONTIN MARKETING, SALES    :
PRACTICES AND PRODUCTS LIABILITY    :
LITIGATION                          :   MDL DOCKET NO: 1629
                                :
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 22, 2006, a true and correct copy

of the August 22, 2006 Letter from Davis Polk & Wardwell, Counsel for Defendants in

the Above-Captioned Action, to the Judicial Panel on Multidistrict Litigation noticing a

Tag-Along Action was served upon the individuals on the attached Panel Attorney

Service List by first class mail, postage prepaid.


By: _____
             Deborah L. MacGregor

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4228
(212) 450-3228

## SERVICE LIST

**In re Neurontin Marketing, Sales Practices and Products Liability Litigation
(MDL Docket No. 1629)**

L. Vincent Ramunno
RAMUNNO & RAMUNNO, P.A.
903 North French Street
Wilmington, DE  19801

**Attorney for Plaintiff Kelly A. Tilley**

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN BLACKWELL | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-2295 |
| | : | |
| PFIZER, INC., <u>et al.</u> | : | |

## ORDER

**AND NOW**, this          day of July, 2006, upon consideration of Defendants Pfizer Inc.,

Warner-Lambert Company, Warner Lambert Company LLC, and Parke-Davis's Motion for Stay

Pending MDL Transfer (docket no. 9), it is **ORDERED** that Defendants' Motion is **GRANTED**,

and all proceedings are **STAYED** pending a decision by the Judicial Panel on Multidistrict

Litigation ("Panel").

                              BY THE COURT:


                               /s/ Bruce W. Kauffman
                              BRUCE W. KAUFFMAN,  J.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRENT D. YOUNG & JODIE YOUNG,** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PFIZER INC.,** | : | |
| **WARNER-LAMBERT COMPANY,** | : | |
| **WARNER-LAMBERT LLC, on its own** | : | |
| **behalf and on behalf of its** | : | |
| **unincorporated division, Parke-Davis,** | : | **No. 06-1308** |
| **Defendants.** | : | |

## ORDER

AND NOW, this 3rd day of **May, 2006,** upon consideration of Defendants' Motion to Stay

Proceedings Pending MDL Transfer and Plaintiffs' response thereto, it is hereby **ORDERED** that

Defendants' motion (Document No. 7) is **GRANTED**.

BY THE COURT:

_____

Berle M. Schiller, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

KELLY A. TILLEY, as Personal          :
Representative of the Estate of       :
DANA ANDREW TILLEY, Deceased,         :     Civil Action No. 06-CV-513
                                      :
            Plaintiff,                :
                                      :
      vs.                             :
                                      :
PFIZER INC., PARKE-DAVIS, a division  :
of Warner-Lambert Company and         :
Warner-Lambert Company LLC,           :
WARNER-LAMBERT COMPANY and            :
WARNER-LAMBERT COMPANY LLC,           :
                                      :
            Defendants.               :

---

**CERTIFICATE OF SERVICE**

I, David E. Wilks, hereby certify that on the 31st day of August, 2006, I caused a true and

correct copy of *Defendants' Opening Brief in Support of Motion to Stay Proceedings Pending*

*MDL Transfer* to be served on the counsel for the plaintiff listed below, via electronic CM-ECF:

Andrew Finkelstein, Esq.              L. Vincent Ramunno, Esq.
FINKELSTEIN & PARTNERS, LLP           RAMUNNO, RAMUNNO & SCERBA, P.A.
436 Robinson Avenue                   903 French Street
Newburgh, New York 12550              Wilmington, DE 19801


Dated: August 31, 2006


                                      /s/ David E. Wilks
                                      David E. Wilks (DE ID 2793)